UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| LASHANDRA HENRY, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 3:23-CV-1328-B |
| | § | |
| BROOKFIELD PROPERTIES RETAIL, INC.; BROOKFIELD PROPERTIES, LLC; GENERAL GROWTH PROPERTIES, INCORPORATED; and MILLARD MALL SERVICES, INC., | § § § § § § | |
| Defendants. | § | |

ORDER TRANSFERRING CASE

Plaintiff Lashandra Henry filed a personal injury complaint in Dallas County state court against Defendants for injuries which allegedly occurred when Henry slipped and fell at Stonebriar Mall in Frisco, Texas. *See* Doc. 1, Not. Removal, ¶ 2. Defendants removed the case to this Court on June 14, 2023. After reviewing the Notice of Removal, the Court concludes that this case should be transferred to the Eastern District of Texas.

Venue for this action is governed by 28 U.S.C. § 1441(a) which states "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441; *see Polizzi v. Cowles Mags., Inc.*, 345 U.S. 663, 665 (1953). Thus, Defendants properly removed this case from Dallas County state court to this Court.

A district court may raise the issue of venue *sua sponte*. *See Mills v. Beech Aircraft Corp.*, 886 F.2d 758, 761 (5th Cir. 1989); *see also Empty Barge Lines II, Inc. v. DREDGE LEONARD FISHER*, 441 F. Supp. 2d 786, 789 (E.D. Tex. 2006) (collecting cases). The Court may transfer a case to any proper judicial district or division "for the convenience of parties and witnesses, in the interest of justice," 28 U.S.C. § 1404(a); *see also Hardwick v. Brinson*, 523 F.2d 798, 800 n.2 (5th Cir. 1975). A civil action may be brought in "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated." § 1391(b)(2),

Here, Defendants do not reside in Dallas County. *See* Doc. 1, Not. Removal, ¶¶ 5–8. And a substantial part of the events giving rise to Plaintiff's claim occurred at Stonebriar Mall in Frisco, Texas, which is located in Collin County. *See id.* ¶ 2. Collin County is located in the Sherman Division of the Eastern District of Texas. *See* 28 U.S.C. § 124(c)(1). Thus, under § 1391(b)(2), venue is proper in the Eastern District of Texas. The Court concludes, pursuant to § 1404(a), a transfer to the Sherman Division of the Eastern District of Texas is appropriate to facilitate the convenience of the parties and witnesses. Thus, the Court therefore **TRANSFERS** this action to the Sherman Division of the Eastern District of Texas.

SO ORDERED.

SIGNED: June 16, 2023.

JANE J. BOYLE
UNITED STATES DISTRICT JUDGE